## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EQUAL EMPLOYMENT OPPORTUNITY          )
COMMISSION,                           )
                                      )    Civil Action No.
            Plaintiff,                )
                                      )
        v.                            )
                                      )    **COMPLAINT AND**
WALGREENS COMPANY,                    )    **JURY TRIAL DEMAND**
                                      )
            Defendant.                )

### NATURE OF ACTION

The United States Equal Employment Opportunity Commission (the "Commission"), brings this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991to correct unlawful employment practices on the basis of race (black) and national origin (Liberian) to provide appropriate relief to Vasey Salagbi who was adversely affected by such unlawful employment practices while employed by Defendant Employer, Walgreen Company.  As alleged with greater particularity in paragraph 7 below, the Commission alleges that Vasey Salagi was subjected to a hostile work environment, disparate terms and conditions of employment, and was ultimately terminated his employment based upon his race (black) and national origin (Liberian). As a result of Defendant's discriminatory conduct, Vasey Salagbi suffered damages, including lost wages and severe emotional distress

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

-1-

1343 and 1345.  This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. "§ 2000e-5(f)(1) and (3)" ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.    At all relevant times mentioned herein, Defendant, Walgreens Company (the "Employer"), has continuously been doing business in the Commonwealth of Pennsylvania and the City of Levittown, and has continuously had at least 15 employees.

5.    At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.    More than thirty days prior to the institution of this lawsuit, Vasey Salagbi filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.    Since at least October of 2005, Defendant Employer has engaged in unlawful

employment practices at its Philadelphia, Pennsylvania location in violation of § 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Mr. Salagbi to a hostile work environment, disparate terms and conditions of employment, and unlawful termination based on his race and national origin. The unlawful employment practices include, but are not limited to, the following:

(a)    Vasey Salagbi began working for Defendant Employer in July of 2005 as an Assistant Store Manager (ASM).

(b)    After approximately three (3) months, Mr. Salagbi began to report to Store Manager, Matthew Zapiec (white) in or about October of 2005. Throughout Mr. Salagbi's employment, he was subjected to harassment based on his race and national origin (Liberian) in the form of racist comments by co-workers and racial graffiti in the bathroom.

(c)    On one occasion, a white co-worker directed a racial slur at Mr. Salagbi when he denied her request for time off, calling Charging Party a "dark head." Following this incident, Charging Party advised Store Manager Zapiec of the racial slur.

(d)    Mr. Zapiec took no action to address the racial harassment, and failed to address the white co-worker about the racially inappropriate comment.

(e)    The following week, a customer informed Mr. Salagbi that there was a racially offensive note taped on the wall in a stall behind one of the toilets. Mr. Salagbi retrieved the note which read, "black people are pigs, farm fucking animals, don't deserve to live, they should all be killed."

(f)    Mr. Salagbi presented Zapiec with the note and complained that the note was offensive and made him extremely uncomfortable. However, Mr. Zapiec ignored Mr. Salagbi's complaint and took no remedial action.

-3-

(g)     In addition to these racially offensive incidents, the hostile work environment included a campaign of racial hostility. Zapiec berated Mr. Salagbi on a daily basis for minor mistakes for which non-Black/Liberian employees were not reprimanded.

(h)     On several occasions, if the store safe was short due to a cashier or accounting error when Mr. Salagbi was on duty, Mr. Zapiec verbally and publicly berated Mr. Salagbi in front of subordinate staff. However, when white ASMs experienced shortages, they were not berated or criticized.

(i)     In addition, Zapiec always assigned Mr. Salagbi to the most demeaning and menial tasks, such as cleaning the bathroom, while he permitted Mr. Salagbi's white subordinates to watch him perform these duties.

(j)     On May 2, 2006, Defendant scheduled a random drug test, which was mandatory for all employees. Mr. Salagbi was on duty on that day and he agreed to take the test. Mr. Zapiec followed Mr. Salagbi around the store until it was time for Mr. Salagbi's drug test. Mr. Zapiec did not treat white ASM's in this derogatory manner.

(k)     Before Mr. Salagbi was scheduled to take the test, he received a call that his four year-old son had fallen and needed emergency medical care. Mr. Salagbi took the drug test before leaving the store to check on his son's medical condition.

(l)     Mr. Salagbi phoned the store later that day to inform Mr. Zapiec that his son did not need to be hospitalized and that he would return to work that same day.

(m)     The following week, Zapiec received the drug tests results and learned that Mr. Salagbi passed the test.  After learning of Mr. Salagbi's negative drug test result, Mr. Zapiec contacted Defendant's District Manager, Jim Banks, and informed him of the events of May 2,

-4-

2006 (the day of the drug test). Zapiec falsely advised Banks that Mr. Salagbi was trying to avoid the drug test.

(n)    After consulting Loss Prevention Manager, Scott McMullen, and Employee Relations Attorney Gene Slade, Zapiec made the final decision to terminate Charging Party for "gross misconduct" and "dishonesty" on May 10, 2006.

8.    The effect of the practices complained of in paragraph 7 above has been to deprive Vasey Salagbi of equal employment opportunities and otherwise affect adversely his status as employees because of his race (black) and national origin (Liberian).

9.    The unlawful employment practices complained of in paragraph 7 above were intentional.

10.    The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Vasey Salagbi.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and/ or national origin.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities and which provide for a work environment free of discrimination, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to institute and carry out anti-discrimination policies and complaint procedures.

D.    Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against race and national origin discrimination.

E.    Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination; and requiring all managers and supervisors to report any incidents and/or complaints of discrimination of which they become aware to the department charged with handling such complaints.

F.    Order Defendant Employer to make whole Vasey Salagbi by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G.    Order Defendant Employer to make whole Vasey Salagbi by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

H.    Order Defendant Employer to make whole Vasey Salagbi by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including pain and suffering, humiliation, embarrassment,

loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

I. Order Defendant Employer to pay Vasey Salagbi punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Washington DC 20507

JACQUELINE H. McNAIR
Regional Attorney

JUDITH A. O'BOYLE
Supervisory Trial Attorney

RACHEL M. SMITH
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
(215) 440-2642 (direct dial)
(215) 440-2848 (FAX)