IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EQUAL EMPLOYMENT OPPORTUNITY)
COMMISSION, )
                                       )
                Plaintiff           )        CIVIL ACTION NO: 08-03478
                                         )
                and                )
                                         )
VASEY SALAGBI, Intervenor      )
        v.                             )       CONSENT DECREE
                                         )
WALGREEN CO.,                  )
                                         )
               Defendant.        )

FILED

MAY 13 2009

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

A.     This action was instituted by the United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") on July 24, 2008 against Walgreen Co. under Title VII of the Civil Rights Act of 1964 and Title 1 of the Civil Rights Act of 1991 ("Title VII"). In its Complaint, the EEOC alleged that Vasey Salagbi was discriminated against based on his race and national origin, Liberian. The EEOC further alleged that Mr. Salagbi suffered income losses as well as emotional distress damages as a result of the termination. Walgreens denies these allegations and affirmatively states that it has not engaged in any unlawful discrimination.

B.     This Consent Decree is entered into by the EEOC and Walgreen Co. This Consent Decree shall be final and binding between the EEOC and Walgreen Co., its directors, officers, agents, employees, successors or assigns and all persons in active concert or participation with it, (hereinafter collectively referred to as ("Walgreen Co." ").

C.     The Commission and Walgreen Co. do hereby agree to the entry of this Consent Decree, which shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 08-CV-03478 this Consent Decree shall not constitute an adjudication of or finding on the merits of the case and shall not be construed as a violation of Title VII by Walgreen Co. In fact, Walgreen Co. denies all the allegations of wrongdoing.

Upon consent of the parties to this action, it is hereby ORDERED, ADJUDGED and DECREED that:

## NON-DISCRIMINATION AND NON-RETALIATION

1.     This Court has jurisdiction over the parties and the subject matter of this action.

2.     Walgreen Co. agrees not to engage in any employment practice which constitutes unlawful discrimination under Title VII. Specifically, Walgreen Co. is enjoined from making employment decisions based on race and/or national origin.

3.     Walgreen Co. agrees that it is against the law and Walgreen's policy and Walgreens agrees not to engage in any employment practices which retaliate in any manner against any person, including, but not limited to, Vasey Salagbi, because of that person's opposition to any practice alleged or believed to be unlawful under Title VII or because of the filing of a charge, the giving of testimony or assistance, or the participation in any manner in any investigation, hearing or proceeding under Title VII.

4.     Walgreen Co. shall not divulge, directly or indirectly, except as required by law, or unless Mr. Salagbi provides a waiver, to any employer or potential employer of the individuals listed in Paragraph 2, any of the facts or circumstances related to the charge of discrimination against Walgreen Co., or any of the events relating to their participation in the litigation of this matter.

5.     Walgreen Co. shall comply fully with all provisions of Title VII.  Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Walgreen Co. under Title VII or the EEOC's authority to process or litigate any charge of discrimination which may be filed against Walgreen Co. in the future.

## MONETARY RELIEF

6.     Walgreen Co. agrees to pay monetary relief in the total amount of $100,000 to Vasey Salagbi in full settlement of the claims against Walgreen Co. which were raised in the Commission's Complaint.  In order to receive the monetary relief, Mr. Salagbi will be required to sign a Release, which will be forwarded by Walgreen Co. to his private attorney, Virginia Hardwick, Esq. of the firm of Hill Wallack LLC.  Walgreen Co. will mail a photocopy of the check to the EEOC, to the attention of Rachel M. Smith, Trial Attorney, EEOC, 801 Market Street, Penthouse Suite 1300, Philadelphia, PA 19107, within five days of the date of mailing of the check to Mr. Salagbi.

## POSTING OF NOTICE

7.     Within ten (10) business days after entry of this Decree, or as soon as practicable, Walgreen Company shall post same-sized copies of the Notice attached as Exhibit 1 to this Decree on all bulletin boards located at its Levittown, PA facility usually used by Walgreen Co. for communicating with employees.  The notice shall remain posted for two (2) years from the date of entry of this Decree.  Counsel for Walgreen Company shall provide a copy of the Notice, and an indication of the date and location of its posting, to the EEOC's Philadelphia District Office, attention, Rachel Smith, Trial Attorney, within ten (10) days of the posting.  Walgreen Co. shall permit a representative of the EEOC to enter Walgreen Co.'s premises for purposes of verifying compliance with this Paragraph at any time during normal business hours with prior

notice.  Walgreen Co. shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material.  Should the posted copies become defaced, removed, marred, or otherwise illegible, Walgreen Company agrees to as soon as practicable post a readable copy in the same manner as hereto specified.

## NON-DISCRIMINATION POLICIES AND COMPLAINT PROCEDURES

8.      Walgreen Co. shall re-distribute to all of its employees and newly-hired employees at its Levittown, PA facility, its policy or policies against discrimination within 90 days after entry of this Consent Decree.

9.      Within 90 days after entry of this Consent Decree, Walgreen Co. shall advise Rachel M. Smith, Trial Attorney, EEOC's Philadelphia District Office, that its policy or policies against discrimination have been re-distributed to all current employees.

## SUPERVISOR ACCOUNTABILITY

10.     Walgreen Co. shall promote supervisor accountability by the following conduct:

(a)     Providing anti-discrimination training to all of its supervisory and managerial personnel as set forth in Paragraph 11;

(b)     Disciplining, up to and including discharge, any supervisor or manager who violates Walgreen Co.'s policy or policies against discrimination;

(c)     Imposing on all managers and supervisory personnel a duty to administer their work areas to ensure compliance with Walgreen Co's policy or policies against discrimination; and,

(d)     Requiring all managers and supervisors to report any incidents and/or complaint of discrimination of which they become aware to Walgreen Co.'s human resources department, a supervisor, or a manager.

## TRAINING

11. Walgreen Co. shall provide training on the requirements of Title VII on the following terms:

(a) Walgreen Co. agrees to provide two training sessions beginning in 2009 to all of its managers and supervisors at the Levittown, PA facility, on an employee's rights under Title VII, and the employer's obligations under Title VII, with an emphasis on what constitutes unlawful and differential treatment of employees of various races in the workplace, how to keep Walgreen Co. free of such forms of discrimination; and, regarding use of Walgreen's complaint procedures.

12. Walgreen Co. agrees to provide the EEOC with any and all copies of pamphlets, brochures, outlines or other written materials provided to the participants of the training sessions.

13. Walgreen Co. shall certify to the EEOC in writing within five (5) business days after the training sessions have occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the dates, location and duration of the training session; and (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance.

## DISPUTE RESOLUTION

14. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within ten (10) days of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the

alleged non-complying party has not remedied the alleged non-compliance within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## MISCELLANEOUS PROVISIONS

15.    Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

16.    This Consent Decree shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Decree.

17.    This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 08-CV-03478.

18.    This Consent Decree shall be filed in the United States District Court for the Eastern District of Pennsylvania and shall continue to be in effect for a period of two (2) years.  Any application by any party to modify or vacate this Consent Decree during such period shall be made by motion to the Court on no less than thirty (30) days notice to the other party.

19.    The Court retains jurisdiction over this case in order to enforce the terms of the Consent Decree.

20.    The Clerk of the District Court is hereby directed to send a file-stamped copy of this Consent Decree to counsel of record.

For Plaintiff EEOC:

For Walgreen Co. Walgreen Company:

*Barbara A. O'Connell*

Barbara A. O'Connell, Esq.
Sweeny and Sheehan, P.C.
1515 Market Street, 19th Floor
Philadelphia, PA 19102-1983

James L. Lee
Deputy General Counsel


Gwendolyn Young Reams
Associate General Counsel
Washington, D.C.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION


*Debra Lawrence (JWS)*

Debra Lawrence
Acting Regional Attorney


*Judith A. O'Boyle*

Judith A. O'Boyle
Supervisory Trial Attorney

*Rachel M. Smith*

Rachel M. Smith
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107

**IT IS ORDERED:**

**BY THE COURT:**

DATE: 5/13/09.

EDUARDO C. ROBRENO
UNITED STATES DISTRICT JUDGE

## EXHIBIT 1

## NOTICE TO ALL WALGREEN CO. EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the Federal Court in EEOC, et al. v. Walgreen Company Civil Action Number 08-03478 (E.D.PA), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Walgreen Co. ("Walgreen Co.")

Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq., as amended, ("Title VII"), prohibits discrimination against employees and applicants for employment based upon race, color, sex, religion or race. Title VII further prohibits retaliation against employees or applicants who avail themselves of their rights under Title VII by engaging in protected activities, such as opposing employment practices believed to be discriminatory, filing a charge of discrimination and/or testifying or participating in a Commission investigation. The EEOC is a federal agency which investigates charges of unlawful employment discrimination. The EEOC has authority to bring lawsuits in Federal Court to enforce Title VII.

In its lawsuit, the EEOC alleged that Walgreen Co. discriminated against an employee because of his race and national origin when Walgreen Co. subjected him to a hostile work environment, disparate terms and conditions of employment, and was ultimately terminated him from his employment. Walgreen Co. denies these allegations and contends that it never violated any statute, law or regulation and its policies prohibit discrimination. Walgreen Co. affirmatively states that it did not violate any law or its own policies.

To resolve the case, Walgreen Co. and the EEOC have entered into a Consent Decree which provided, among other things, that: (1) Walgreen Co. paid monetary relief; (2) Walgreen Co. will not discriminate on the basis of race; (3) Walgreen Co. will not retaliate against any person because he or she opposed any practice made unlawful by Title VII, filed a charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree; and (4) Walgreen Co. will train all employees at its Levittown, PA location regarding race discrimination and Walgreen Co.'s policy prohibiting race discrimination.

If you believe you have been discriminated against, you may report your concerns via Walgreens Open Door Policy, through any member of management, or to Walgreens Employee Relations Department at (847) 315—4455, or you may contact the EEOC at (215) 440-2600. The EEOC charges no fees and has employees who speak languages other than English.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for two (2) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to the: Regional Attorney, EEOC Philadelphia District Office, 801 Market Street, Penthouse, Suite 1300 Philadelphia, PA 19107.**

By: _Debora Lawrence (DMB)_      By: _Eugene E Slade_

For:   Equal Employment Opportunity      For:   Walgreen Company
      Commission